El Pueblo de Puerto Rico, demandante y apelado *v.* Ramón Torres, acusado y apelante.

No. 4633.—*Sometido:* Mayo 25, 1932. *Resuelto:* Julio 22, 1932.

*J. Valldejuli Rodríguez*, abogado del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo*, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La acusación, base de esta causa, en lo pertinente, dice:

"Que en 10 de agosto (11:00 P. M.) de 1930 y en el Casino Aiboniteño, calle San José de Aibonito, P. R. del Distrito Judicial Municipal de Cayey, P. R., que forma parte del Distrito Judicial de Guayama, P. R., el acusado Ramón Torres, allí y entonces en el Casino Aiboniteño en Aibonito, P. R., donde se celebraba un baile de sociedad (que es una reunión lícita), de manera voluntaria, ilegal, maliciosamente con intención criminal de causar daño corporal en la persona de José Cot, le acometió y agredió con los puños, produciéndole una fuerte contusión en el labio superior, lado izquierdo."

Celebrado el juicio ante la Corte de Distrito de Guayama, el acusado fué declarado culpable del delito de acometimiento y agresión grave que se le imputara y condenado a pagar una multa de cincuenta dólares.

Apeló y en su alegato señala la comisión de cuatro errores. Por el primero sostiene que la corte erró al dejar de aplicar el artículo 29 del Código de Enjuiciamiento Criminal

en su inciso 5. Ese precepto dice: "5. El juez de paz remitirá el sumario dentro del quinto día al tribunal de distrito, el cual dentro de los diez días de su recibo señalará día para la celebración del juicio, citando al fiscal y al acusado"; y el acusado sostiene que habiéndose radicado la causa en la corte de distrito el 22 de diciembre de 1930 y habiéndose hecho el primer señalamiento para el 24 de marzo de 1931, se infringió la ley abiertamente.

El fiscal contesta que en los autos no hay base para discutir siquiera el error que plantea el apelante, y tiene razón a nuestro juicio.

De los autos resulta que lo que alegó el apelante fué "que el primer señalamiento que se hizo fué para el 24 de marzo de 1931." Y ello no excluye que la corte cumpliera estrictamente con la regla fijada en el artículo 29 del Código de Enjuiciamiento Criminal, ya que dentro de los diez días del recibo de los autos pudo señalar la vista para el 24 de marzo, o sea, para un día que no rebasaba el límite del término de ciento veinte días fijado en el artículo 448 del Código de Enjuiciamiento Criminal.

La pretensión del apelante de que debido a la obscuridad del récord se tenga su moción como una de archivo y sobreseimiento por violación del artículo 448 del Código de Enjuiciamiento Criminal, ya que de los autos resulta que el juicio no se celebró hasta el 29 de marzo de 1931, es insostenible. Si bien el juicio se celebró en verdad en esa última fecha, consta que fué señalado para el 24 de marzo sin que aparezca la causa de la suspensión, y la corrección de los procedimientos se presume.

El segundo error es el de que la denuncia no imputa la comisión de un delito de acometimiento y agresión grave, sino simple.

Dice la sección 6 de la Ley para determinar y castigar el acometimiento . . . de 10 de marzo, 1904, No. 2:

"Sección 6.—Todo acometimiento y agresión será considerado con circunstancias agravantes en los siguientes casos:

"1.—*　　*　　*　　*　　*　　*　　*

"2.—Cuando se cometiere en un tribunal de justicia o en cualquier otro sitio religioso o en algún lugar donde se hallaren reunidas varias personas con fines lícitos."

Basta la mera comparación de la ley con la denuncia para concluir que no tiene razón el apelante. Un baile de sociedad en un casino, dada la significación que en Puerto Rico tienen los casinos y los bailes de sociedad, es a todas luces una reunión lícita.

La cuestión vuelve a suscitarse por el tercer señalamiento de error al hacerse énfasis en que la prueba demostró que en el baile se tomaban bebidas embriagantes. Hay prueba al efecto de que en un determinado cuarto de la casa se tomaba, pero ello no destruye el hecho de que el acometimiento y agresión se realizara en un "lugar donde se hallaren reunidas varias personas con fines lícitos", ya que la prueba también demuestra que el acto delictivo se realizó en el salón de baile donde se hallaban reunidas con el propósito de danzar señoras, señoritas y caballeros no sólo de Aibonito si que también de Coamo y Ponce, "más de doscientas personas entre damas y caballeros", según la declaración del testigo Francisco Gil.

El cuarto y último error se refiere a la falta de prueba. La hemos examinado y opinamos que es bastante. El perjudicado narra el hecho así: Después de decir que tenía comprometida una pieza con una señorita de Ponce, continúa: "Estando ya para dar comienzo a la pieza me dirigí hacia el salón para buscar la señorita, localizarla, y al penetrar dentro del salón, ya dentro del salón, fuí agredido por el señor Ramón Torres, sin mediar palabras ningunas me dió en el pómulo izquierdo." Y su declaración está corroborada por las de varios testigos.

*Debe confirmarse a sentencia recurrida.*